**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KENNETH LAMONTE WEBSTER and**
**USAF-ALI CASTLE,**

            **Plaintiffs,**

**-vs-**                                                   Case No. 6:04-cv-891-Orl-22KRS

**KEVIN BEARY, in his official capacity as**
**Sheriff of Orange County, FL; MICHAEL**
**GRIGSBY, both individually and in capacity**
**as Deputy Sheriff of Orange County, FL;**
**and ALEJANDRO FERRER, both**
**individually and in capacity as Deputy**
**Sheriff of Orange County, FL,**

            **Defendants.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**     **DEFENDANTS', MICHAEL GRIGSBY AND ALEJANDRO FERRER'S, MOTION REQUESTING BOND FOR COSTS AND ATTORNEYS' FEES ON APPEAL (Doc. No. 88)**
>
> **FILED:**     October 1, 2007
>
> **THEREON** it is **RESPECTFULLY RECOMMENDED** that the motion be **GRANTED**.

> | MOTION: | DEFENDANT KEVIN BEARY'S MOTION TO REQUIRE PLAINTIFFS TO POST BOND TO ENSURE PAYMENT OF COSTS ON APPEAL (Doc. No. 89) |
> |---|---|
> | FILED: | October 3, 2007 |
>
> **THEREON** it is **RESPECTFULLY RECOMMENDED** that the motion be **GRANTED**.

In the present case, Plaintiffs Kenneth LaMonte Webster and USAF-ALI Castle sued Kevin Beary in his official capacity as Sheriff of Orange County, Florida, and Michael Grigsby and Alejandro Ferrer, individually and in their capacity as Deputy Sheriffs of Orange County, Florida. Plaintiffs alleged that Defendants violated their Fourth Amendment rights, and that Grigsby and Ferrer assaulted and battered the Plaintiffs. Doc. No. 1. The presiding District Judge granted summary judgment in favor of the defendants, and the Clerk of Court issued a judgment on March 7, 2006. Doc. Nos. 59, 60.

Plaintiffs filed a notice of appeal of the judgment. Doc. No. 72. The appeal was dismissed for want of prosecution, doc. no. 73, but subsequently reinstated, doc. no. 74. The United States Court of Appeals for the Eleventh Circuit affirmed the summary judgment decision. Doc. No. 81. The Court taxed costs against Plaintiffs in the total amount of $8,014.45. Doc. Nos. 63, 65.

While the appeal was pending, Plaintiffs filed a motion for relief of judgment. Doc. No. 78. After the mandate was issued by the Eleventh Circuit on the direct appeal of the summary judgment order, this Court denied the motion for relief from judgment. Doc. No. 82. Plaintiffs then filed a direct appeal from the denial of the motion for relief from judgment. Doc. No. 86.

Defendants now seek an order pursuant to Federal Rule of Appellate Procedure 7 requiring Plaintiffs to post a bond in the amount of $20,000 for costs already taxed and Defendants' anticipated costs and attorneys' fees on appeal. Plaintiffs have not responded to the motion, and the time for doing so has passed. Accordingly, I consider the motion to be unopposed.

Federal Rule of Appellate Procedure 7 provides as follows:

> In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal.

The United States Court of Appeal for the Eleventh Circuit has held that "a district court may not require an unsuccessful plaintiff in a civil rights case to post an appellate bond that includes not only ordinary costs but also the defendant's anticipated attorney's fees on appeal, unless the court determines that the appeal is likely to be frivolous, unreasonable, or without foundation." *Young v. New Process Steel, LP*, 419 F.3d 1201, 1208 (11th Cir. 2005). Whether to require any appellate bond, and in what amount, is left to the discretion of the district court. *Id.*

In the present case, the Court determined that the motion for relief from judgment was not well taken because the "newly discovered evidence" would not affect the outcome of the case since the evidence related only to Defendant Beary's customs and policies regarding use of deadly force. Doc. No. 82. The Court noted that because Plaintiffs had not proven that their constitutional rights were violated, which finding has been affirmed on appeal, it need not reach the customs and policies issue. *Id.* Because the Court's ruling is based on clearly established law, and the Eleventh Circuit has already affirmed the Court's earlier conclusion that Plaintiffs had not proven that their constitutional

rights were violated, further litigation regarding the "newly discovered evidence" which could not change the decision already reached is meritless.

Under these circumstances, I recommend that the Court find that the appeal from the denial of the motion for relief from judgment is frivolous, unreasonable and without foundation, and direct that the appellate bond include both costs already taxed and anticipated costs and attorneys' fees Defendants will likely incur in defending the pending appeal. In light of the costs in excess of $8,000.00 already taxed, and in the absence of evidence establishing the costs and attorneys' fees Defendants are likely to incur on appeal, I recommend that the Court order that before proceeding further with the appeal, the Plaintiffs must post an appellate bond in the amount of $13,000. I further recommend that the Court order that such bond be posted within eleven days after its ruling on this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on October 30, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties