**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KENNETH LAMONTE WEBSTER and USAF-ALI CASTLE,**

        **Plaintiffs,**

**-vs-**           Case No. **6:04-cv-891-Orl-22KRS**

**KEVIN BEARY, in his official capacity as Sheriff of Orange County, FL; MICHAEL GRIGSBY, both individually and in his capacity as Deputy Sheriff of Orange County, FL; and ALEJANDRO FERRER, both individually and in his capacity as Deputy Sheriff of Orange County, FL,**

        **Defendants.**
_____

## ORDER

This cause comes before the Court for consideration of motions for sanctions filed by the Defendants in this case. The motions are prompted by a motion for relief from judgment filed by Plaintiffs. All Defendants seek sanctions pursuant to Fed. R. Civ. P. 11. Defendants Grigsby and Ferrer also seek sanctions pursuant to 28 U.S.C. § 1927. Upon carefully considering the parties' submissions, the Court determines that Rule 11 sanctions are warranted.

By way of background, this case arose from a police-involved shooting; Plaintiffs asserted claims of excessive force in violation of the Fourth Amendment. In March of 2006, this Court entered an order granting the Defendants summary judgment. (Doc. No. 59.) The Court ruled that the facts presented, even when viewed in a light most favorable to the Plaintiffs, did not support a finding of a constitutional violation. The Court made that ruling

in the context of deciding whether the deputy sheriffs involved in the shooting - Grigsby and Ferrer - were entitled to qualified immunity. However, that ruling was also dispositive of the claims against Sheriff Beary. The summary judgment order made that crystal clear, stating: "Because the Court found that Sergeant Grigsby and Deputy Ferrer's violation did not cause any violation of Plaintiffs' constitutional rights, the Court need not address Plaintiffs' claims against Sheriff Beary." (Doc. No. 59 at 25.) Nevertheless, in the interest of thoroughness, the Court proceeded with its analysis and determined that Plaintiffs had failed to present evidence supporting their custom and policy allegations (including failure to train and supervise). In accordance with the summary judgment order, the Clerk entered judgment in the Defendants' favor. (Doc. No. 60.)

Plaintiffs filed a motion seeking reconsideration of the summary judgment order. (Doc. No. 62.) The Court denied that motion. (Doc. No. 71.) Plaintiffs then appealed the summary judgment order. (Doc. No. 72.) On April 4, 2007, the Court of Appeals for the Eleventh Circuit filed its opinion affirming this Court's summary judgment order. (Doc. No. 81.) The appellate decision was issued as mandate on May 3, 2007. (*Id.*)

On April 4, 2007, the same day the Eleventh Circuit filed its opinion in this case,[1] Plaintiffs filed a Motion for Relief of [sic] Judgment Due to Newly Discovered Evidence and Fraud, Misrepresentation and/or Other Misconduct by Defendants (Doc. No. 78.) By means of that motion, Plaintiffs sought relief from the summary judgment order entered in March of 2006. The "newly discovered evidence" was information Plaintiffs' counsel learned from

---

[1] For present purposes, the Court will assume Plaintiffs' counsel was unaware of the Eleventh Circuit's decision when he filed the motion for relief from judgment.

Frederick J. Staly.[2] Staly is a former high-ranking Orange County Sheriff's Office employee who ran against Beary in the 2004 election for Orange County Sheriff. Staly's familiarity with the facts of the shooting involved in this case is based on news media accounts. Staly executed an affidavit that Plaintiffs filed to support their motion for relief from judgment. (Doc. No. 77.) The gist of that affidavit is that the Orange County Sheriff's Office had a custom and practice that was different from the agency's official policy regarding the use of deadly force by deputy sheriffs. In that regard, Staly's affidavit stated, in pertinent part:

> [5.] At the time of the shooting [that is] the subject of this appeal, which time frame was June 2000, and prior thereto, the official written policy of Sheriff Kevin Beary and the Orange County Sheriff's Office was for the deputy sheriffs to use deadly force only when faced with a situation where the deputy sheriff's or a citizens [sic] life or limb was in imminent threat and to discourage the use of deadly force at the driver's [sic] of motor vehicles unless the motor vehicle posed an imminent threat to the life or limb of a deputy sheriff.
>
> [6.] At the time of the shooting [that is] the subject of this appeal in June 2000, and prior thereto, the <u>custom and practice</u> of Sheriff Kevin Beary and the Orange County Sheriff's Office regarding the use of deadly force by deputy sheriffs was <u>different</u> than the official policy of Sheriff Kevin Beary and the Orange County Sheriff's Office. The custom and practice of Sheriff Kevin Beary and the Orange County Sheriff's Office regarding the use of deadly force by deputy sheriffs at the time of the shooting [that is] the subject of this appeal was that Sheriff Kevin Beary and the Orange County Sheriff [sic] Office knowingly allowed deputy sheriffs to routinely use deadly force towards persons and motor vehicles with the deputy sheriff claiming an imminent threat to the life or limb of the deputy sheriff as justification.

---

[2] In the motion, Plaintiffs' counsel stated he first met Mr. Staly in mid-February, 2007, when a mutual acquaintance introduced the two men.

> [7.] I am also familiar with the fact that at the time of the shooting [that is] the subject of this appeal in June 2000, and prior thereto, Sheriff Kevin Beary and the Orange County Sheriff's Office routinely encouraged investigators to clear deputy sheriffs of the use of deadly force even when the facts did not support the deputy sheriff's claim of imminent threat to life or limb and to also routinely claim the use of deadly force, as was the case with the shooting [that is] the subject of this appeal, that the victims of the shooting were an imminent threat to the life or limb of the deputy sheriffs using deadly force even when the victims of the shooting had not and were not an imminent threat to the life or limb of the deputy sheriffs using such deadly force. Exceptions to this custom and practice occurred if the incident was heavily scrutinized by the media.

Staly Aff. at 4-5 (emphasis in original; alterations added).

On July 23, 2007, the Court entered an order denying the motion for relief from judgment. (Doc. No. 82.) In pertinent part, the July 23rd order stated:

> Although Plaintiffs' motion is deficient for multiple reasons, one reason stands above the rest: Plaintiffs' new evidence will not affect the outcome of the instant case. Plaintiff['s] 'newly discovered evidence' pertains solely to Defendant Beary's customs and policies as they relate to the use of deadly force. . . . . Plaintiff[s] [are] placing the cart before the horse. If the plaintiff fails to prove that his constitutional rights were violated then the analysis stops and plaintiffs' § 1983 claim against the municipality fails; the court need not reach the issue of the municipality's customs and policies. *Rooney v. Watson,* 101 F.3d 1378, 1381 (11th Cir. 1996). Both this Court and the Eleventh Circuit found that Plaintiffs' constitutional rights had not been violated. With no persuasive evidence to the contrary, this Court stands by its determination.

(*Id.* at 2-3) (alterations added).

On August 22, 2007, Plaintiffs appealed the order denying the motion for relief from judgment. (Doc. No. 86.) In early October of 2007, the Defendants filed motions requesting

an order directing Plaintiffs to post a bond for costs and attorneys' fees on appeal. (Doc. Nos. 88, 89.) Those motions were referred to Magistrate Judge Karla R. Spaulding.

On October 30, 2007, Judge Spaulding issued a Report and Recommendation ("R&R") recommending that the two motions be granted. (Doc. No. 90.) In her R&R, Judge Spaulding stated, in pertinent part:

> In the present case, the Court determined that the motion for relief from judgment was not well taken because the "newly discovered evidence" would not affect the outcome of the case since the evidence related only to Defendant Beary's customs and policies regarding use of deadly force. Doc. No. 82. The Court noted that because Plaintiffs had not proven that their constitutional rights were violated, which finding has been affirmed on appeal, it need not reach the custom and policies issue. *Id.* Because the Court's ruling is based on clearly established law, and the Eleventh Circuit has already affirmed the Court's earlier conclusion that Plaintiffs had not proven that their constitutional rights were violated, further litigation regarding the "newly discovered evidence" which could not change the decision already reached is meritless.
>
> Under these circumstances, I recommend that the Court find that the appeal from the denial of the motion for relief from judgment is frivolous, unreasonable and without foundation, and direct that the appellate bond include both costs already taxed and anticipated costs and attorneys' fees Defendants will likely incur in defending the pending appeal.

*Id.* at 3-4.

On November 20, 2007, the undersigned judge entered an order adopting and confirming the R&R, and granting the Defendants' motions requesting that Plaintiffs be required to post a bond. (Doc. No. 91.) In that order, the undersigned judge expressly found, as recommended by Judge Spaulding, that "the appeal from the denial of the motion for relief from judgment is frivolous, unreasonable and without foundation." (*Id.* at 2.)

On January 18, 2008, after Plaintiffs filed a notice of voluntary dismissal in the Eleventh Circuit, the appellate court dismissed the appeal with prejudice. (Doc. No. 92.)[3]

Returning to the July 23, 2007, order denying the motion for relief from judgment, within days after that order was issued all Defendants moved for sanctions. (Doc. Nos. 83, 84.) Independently, the Court issued an order requiring Plaintiffs' counsel to show cause why he and his clients should not be sanctioned. (Doc. No. 85.) However, within a few days after the show-cause order was entered, Plaintiffs filed their notice appealing the July 23rd order. (Doc. No. 86.) In light of that appeal, the Court entered an order denying the initially-filed motions for sanctions without prejudice to their refiling after the Eleventh Circuit issued its mandate in the appeal. (Doc. No. 87.) On January 29, 2008, following the Eleventh Circuit's dismissal of the appeal, the Defendants filed their renewed motions for sanctions. (Doc. Nos. 93, 94.) Plaintiffs have filed responses to those motions. (Doc. Nos. 95, 96.) Hence, the motions for sanctions are now ripe for decision.

The sanctions motions raise a number of grounds; however, as the Court noted in its order denying the motion for relief from judgment, one argument stands above the rest: no reasonable attorney could have concluded that the contents of the Staly affidavit presented sufficient grounds for the Court to aside its summary judgment rulings. Notwithstanding Plaintiffs' counsel's efforts to characterize the Staly affidavit differently, the Court reiterates

---

[3]Defendants contend Plaintiffs misrepresented to the Eleventh Circuit that the case had been settled. The appellate court noted the dispute regarding settlement in its decision dismissing the appeal. (Doc. No. 92 at 2.) This Court need not resolve that dispute in deciding the present motions for sanctions. However, it is noteworthy that Plaintiffs do not purport to rely on any claimed settlement in their responses to the motions for sanctions.

that the contents of that affidavit related only to the custom or policy issue and had no effect whatsoever on the primary basis for granting the Defendants summary judgment, i.e., that Plaintiffs had failed to present evidence of an underlying constitutional violation. Hence, there was no legal basis for Plaintiffs' assertion that the Staly affidavit presented grounds for relief from the summary judgment order. This warrants sanctions pursuant to Fed. R. Civ. P. 11.

Based on the foregoing, it is ORDERED as follows:

1. Defendant Kevin Beary's Renewed Motion for Sanctions (Doc. No. 94), filed on January 29, 2008, is GRANTED. The amount claimed by defense counsel is reasonable. Within thirty (30) days, Plaintiffs' counsel, Mark V. Morsch, Esq., shall pay the sum of $6,453.00 to the law firm of Hilyard, Bogan & Palmer, P.A.

2. Defendants Michael Grigsby and Alejandro Ferrer's Renewed Motion for Sanctions (Doc. No. 93), filed on January 29, 2008, is GRANTED insofar as it seeks sanctions pursuant to Fed. R. Civ. P. 11.[4] Within eleven (11) days, defense counsel shall file and serve sworn materials identifying the attorneys' fees these Defendants incurred as a result of Plaintiffs' filing of the motion for relief from judgment. Within eleven (11) days thereafter, Plaintiffs' counsel may respond to this submission.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on June 30, 2008.

                                                ANNE C. CONWAY
                                                United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[4] In its discretion, the Court declines to award sanctions pursuant to 28 U.S.C. § 1927.